IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-328-FL-1

UNITED STATES         )
                             )
     v.                  )
                             )      JURY INSTRUCTIONS
NIKHIL NILESH SHAH,     )
                             )
           Defendant.  )

INTRODUCTION ........................................................... 3

PROVINCE OF THE JURY .................................................... 5

PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF – INDICTMENT NOT
    EVIDENCE – CONSIDER ONLY OFFENSE CHARGED ....................... 6

JUDGING THE EVIDENCE ................................................... 7

JURY'S RECOLLECTION CONTROLS ........................................... 8

INFERENCES — DIRECT AND CIRCUMSTANTIAL EVIDENCE .................... 9

OBJECTIONS AND RULINGS ................................................ 10

COURT'S COMMENTS AND QUESTIONS ...................................... 11

LAWYERS' STATEMENTS AND QUESTIONS ................................... 12

EVIDENCE RECEIVED IN THE CASE – STIPULATIONS,
    AND INFERENCES PERMITTED ........................................ 13

CREDIBILITY OF WITNESS ................................................ 15

CHARTS AND SUMMARIES ADMITTED IN EVIDENCE .......................... 18

LAW ENFORCEMENT WITNESSES ............................................ 19

OPINION EVIDENCE – THE EXPERT WITNESS .................................. 20

EFFECT OF THE DEFENDANT'S DECISION NOT TO TESTIFY ..................... 21

PROOF OF KNOWLEDGE OR INTENT ........................................ 22

ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED ......................... 23

NATURE OF THE OFFENSE CHARGED ...................................... 24

STATUTE DEFINING THE OFFENSE CHARGED ............................... 25

ELEMENTS OF THE OFFENSE CHARGED .................................... 26

PROOF MAY BE DISJUNCTIVE ............................................ 27

DEFINITIONS AND EXPLANATIONS ....................................... 28
   "ON OR ABOUT" ................................................. 28
   "KNOWINGLY" .................................................. 28
   "COMPUTER" ................................................... 28
   "PROTECTED COMPUTER" ......................................... 29
   "INTENT" ..................................................... 30
   "CAUSING DAMAGE" ............................................. 30
   "LOSS" ....................................................... 30
   "PERSON" ..................................................... 31

VERDICT ........................................................... 32

# INTRODUCTION

Members of the Jury:

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel, t becomes my duty to give you the final instructions of the court as to the law applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court, and to apply the rules of law so given to the facts as you find them from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you, of course, are to be governed by the instructions given to you by the court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decision.

3

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence received in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors here in the courtroom; and to arrive at a verdict by applying the same rules of law, as now being given to each of you in these instructions of the court.

4

# PROVINCE OF THE JURY

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the "not guilty" plea of the accused.

In performing this duty, you must not be persuaded by bias, prejudice or sympathy as to any party or by any public opinion.

Both the accused and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court and reach a just verdict, regardless of the consequences.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime. The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case. The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

5

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF – INDICTMENT NOT EVIDENCE – CONSIDER ONLY OFFENSE CHARGED

The law presumes the defendant to be innocent of the crime charged. Thus, the defendant, although accused, begins the trial with a "clean slate" – with no evidence against the defendant. The indictment, as you already know, is not evidence of any kind. The defendant is not on trial for any act or conduct not specifically charged in the indictment. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the defendant.

The defendant, NIKHIL NILESH SHAH, has pleaded "Not Guilty" to this indictment, and therefore he denies guilt. The presumption of innocence alone is sufficient to acquit the defendant. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Unless the government proves, beyond a reasonable doubt, that defendant NIKHIL NILESH SHAH has committed each and every element of the offense charged against him in the indictment, you must find defendant NIKHIL NILESH SHAH not guilty of the offense.

6

## JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always placed on the government.

7

If any reference by the court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

8

## INFERENCES — DIRECT AND CIRCUMSTANTIAL EVIDENCE

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

There are two types of evidence which are generally presented during a trial: direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

9

## OBJECTIONS AND RULINGS

Testimony and exhibits can be admitted into evidence during a trial only if certain criteria or standards are met. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or the attorney's client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

10

## COURT'S COMMENTS AND QUESTIONS

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I fee is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt another side.

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. Remember at all time you, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

11

## LAWYERS' STATEMENTS AND QUESTIONS

The lawyers' statements are not evidence. If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact. Only the answers are eviden:e.

12

## EVIDENCE RECEIVED IN THE CASE – STIPULATIONS,

## AND INFERENCES PERMITTED

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you should accept the stipulation as evidence and treat that fact as having been proved.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as a stipulation of fact.

13

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

# CREDIBILITY OF WITNESS

You heard a number of witnesses testify. You must decide whether to believe a witness and how much to rely on the witness's testimony.

You should consider anything that reasonably helps you to evaluate the testimony. Among the things you may consider are the following:

1. The witness's appearance, attitude, and behavior on the stand, and the way the witness testified;

2. The witness's age, intelligence, and experience;

3. The witness's opportunity and ability to see or hear the things about which the witness testified;

4. The accuracy of the witness's memory;

5. Any motive of the witness to tell or not to tell the truth;

6. Any interest or disinterest a witness might have in the outcome of the case. In evaluating credibility of the witnesses, you should consider whether the witness may benefit n some way from the outcome of this case;

7. Any bias, prejudice, or hostility of the witness;

8. Opinion or reputation evidence about the witness's truthfulness or untruthfulness;

9. Prior statements by the witness that were inconsistent or consistent with the testimony given at trial. The testimony of a witness may be discredited or, as we

15

sometimes say, impeached by showing that he previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given to the testimony of a witness who has made prior inconsistent or contradictory statements;

10.     Prior actions of the witness that suggest truthfulness or untruthfulness; and

11.     The internal consistency of the witness's testimony and its support or contradiction by other evidence.

If you believe that part of what a witness testified to was false, you may choose to distrust other parts also but you are not required to do so. Inconsistencies and contradiction in a witness's testimony, or between the testimony of one witness and another, do not necessarily mean that a witness is lying. Memory failures and mistaken memories are common and may explain some inconsistencies and contradictions. And it is common for two honest people to witness the same event and to see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

You may believe all, part, or none of the testimony of any witness. You need not believe the testimony of a witness even though it is uncontradicted. You need not accept the testimony as true simply because a number of witnesses agree with each other. You may decide that even unanimous

16

testimony of witnesses is erroneous. But you should act reasonably in deciding whether to reject uncontradicted testimony.

When witnesses are in conflict, you need not accept the testimony of the greater number of witnesses. Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## CHARTS AND SUMMARIES ADMITTED IN EVIDENCE

The parties have presented exhibits in the form of charts and summaries. I decided to admit certain of these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

# LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the state or federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

19

## OPINION EVIDENCE – THE EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence including that of other "expert witnesses", you may disregard the opinion in part or in its entirety. You, the jury, are the sole judges of the facts of this case.

20

## EFFECT OF THE DEFENDANT'S DECISION NOT TO TESTIFY

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant in this case did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that the defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence. You may assume that the evidence put on by the defendant is the entirety of their response to the allegations made by the government and that no other witnesses were considered necessary.

## PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does rot require the United States to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the United States to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the government's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn from his failure to do so.

23

## NATURE OF THE OFFENSE CHARGED

The Indictment charges that:

On or about June 28, 2012, in the Eastern District of North Carolina, the defendant, NIKHIL NILESH SHAH, knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to protected computers, which would and did cause loss to one or more persons during a one-year period (including loss resulting from a related course of conduct affecting one and more protected computers) aggregating at least $5,000 in value.

24

## STATUTE DEFINING THE OFFENSE CHARGED

The defendant is charged in Count One with violating Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(B)(i), and (c)(4)(A)(i)(I), which, in relevant part, provide:

Whoever -

> Knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer -

[and by such conduct] caused -

> loss to 1 or more persons during any 1-year period (and . . . loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value

[shall be guilty of an offense against the United States]

25

## ELEMENTS OF THE OFFENSE CHARGED

In order to sustain its burden of proving the crime charged in the Indictment, the United States must prove the following four essential elements beyond a reasonable doubt:

ONE:      the defendant knowingly caused the transmission of a program, information, code or command to a protected computer;

TWO:      the defendant caused the transmission with the intent to damage such computer;

THREE:      the defendant thereby caused damage without authorization; and

FOUR:      the defendant's actions caused loss to Smart Online during any 1-year period totaling at least $5,000 in value, including any losses resulting from a related course of conduct affecting 1 or more protected computers.

## PROOF MAY BE DISJUNCTIVE

The court instructs the jury that although the Indictment may charge a defendant with committing an offense in several ways, using conjunctive language, it is sufficient if the government proves the offense in only one of the ways charged. In other words, the jury may convict if it finds that all elements of the charged offense have been proven beyond a reasonable doubt, even if it does not believe that the offense has been committed in some of the specific ways identified in the Indictment.

## DEFINITIONS AND EXPLANATIONS

### "ON OR ABOUT"

The Indictment charges that the offense alleged in the Indictment was committed "on or about" or "in or around" a certain date or time period.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

### "KNOWINGLY"

The term "knowingly", as used in these instructions to describe the alleged state of mind of the defendant, means that the defendant was conscious and aware of his action or omission, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, accident, or a good faith belief that his actions complied with legal duties.

### "COMPUTER"

As defined in the statute, a "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand calculator, or other similar device.

28

## "PROTECTED COMPUTER"

The governmert must prove that the defendant transmitted the program, information, code, or command to a "protected computer," that is a computer that was used in or affecting interstate or foreign commerce or communication. Interstate or foreign commerce or communication means simply the movement of goods and services, including online computer services, or communications, between states or between the United States and other countries. However, there is no requirement that the defendant's transmission itself crossed a state line. As long as the computer which received the transmission is used in or affecting interstate commerce or communication, that is sufficient.

29

## "INTENT"

To act with "intent" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident.

As a practical matter, then, in order to sustain the charge against the defendant, the government must establish beyond a reasonable doubt that the defendant transmitted the computer program, information, code, or command for the purpose of causing damage.

## "CAUSING DAMAGE"

"Damage" means any impairment to the integrity or availability of data, a program, a system, or information.

## "LOSS"

A "loss" is defined as any reasonable cost that any person sustained as a result of any impairment to the computer system, data, programs, or information that you find occurred. You may consider what measures were reasonably necessary to respond to the event, to conduct damage assessment, to restore to its condition before the event the system, data, programs, or information that you find were damaged, and any revenue lost or cost incurred because of the interruption of service.

30

## "PERSON"

"Person" includes any individual, company, educational or financial institution, governmental agency, or any other legal entity.

31

## VERDICT - DELIBERATIONS

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course

32

of this trial is intended n any way, to somehow suggest to you what I think your verdict should be. Nothing said in these ir structions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury.

The punishment provided by law for the offense charged in the Indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense charged.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence your opinions, or the deliberations other than in writing or orally here in open court.

33

All persons, including court personnel, security officers and members of the Marshals Service, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Please be admonished that if you separate for a night's rest at any time during your deliberations, you are, during any such separation, not to talk to anyone about this case or to talk between yourselves about this case. All your deliberations should be conducted as a group in the confines of the jury room. Please also remember and follow all of the other admonitions I have given you throughout th s trial for your conduct during recesses. All such instructions also continue to apply during any separations, including restroom breaks, which may occur after you commence your deliberations.

When you begin your deliberations, if there are any among you who desire to smoke I direct the marshal to announce a 5-minute smoking break at approximate 90-minute intervals. During that time smokers will be escorted to the designated smoking area outside this building. I caution you that no deliberations are to take place during such breaks and that deliberations shall not be resumed until everyone is back in the jury room.

34